**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **LORENE D. JONES**<br>As Guardian of the<br>Person and the Estate of<br>Henry C. Wells<br><br>       **Plaintiff,**<br><br>vs.<br><br>**GENERAL MOTORS HOURLY-<br>RATE EMPLOYEES PENSION PLAN**<br><br>and<br><br>**THE FINANCE COMMITTEE OF<br>GENERAL MOTORS CORP.**<br><br>and<br><br>**GENERAL MOTORS CORP.**<br><br>and<br><br>**GENERAL MOTORS BENEFITS<br>& SERVICES CENTER**<br><br>and<br><br>**FIDELITY WORKPLACE SERVICES, LLC**<br><br>       **Defendants.** | **Case No.:**<br><br>**Judge:**<br><br>**Magistrate Judge:** |

## <u>COMPLAINT</u>

Now comes the Plaintiff, Lorene D. Jones, Guardian of the Person and Estate of Henry C. Wells, by and through her undersigned attorney, Robert Armand Perez, Sr. and The Perez Law Firm Co., L.P.A., and for her Complaint does hereby state as follows:

## Jurisdiction and Venue

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); in particular, 29 U.S.C. §§ 1132(e)(1)-(2) provision that gives the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of the General Motors Hourly-Rate Employees Pension Plan that, in this case, consists of lump sum pension benefits that are provided for the General Motors pension participants and their beneficiaries doing business in the Southern District of Ohio, Western Division.

2. This action may be brought before this court pursuant to 28 U.S.C. § 1331 that gives the district court jurisdiction over actions that arise under the laws of the United States.

3. At 29 U.S.C. § 1133, the ERISA statute provides a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted as under the applicable regulations Plaintiff's multiple efforts to resolve this matter as reflected in the attached documents without response are deemed exhausted. Therefore, Lorene D. Jones as Guardian of the Person and Estate of Henry C. Wells may bring this action under 29 U.S.C. § 1132 in federal court. Attached as Exhibit number 1 is a copy of the letter appointing her Guardian of Henry C. Wells in Hamilton County Probate Court.

## Nature of Action

4. This is a claim by Plaintiff Lorene D. Jones on behalf of Henry C. Wells as Mr. Wells' Guardian, a pension Plan participant, for pension benefits pursuant to the General Motors Hourly-Rate Employees Pension Plan (hereinafter "the Plan"). This

action, seeking the recovery of benefits, is brought pursuant to 29 U.S.C. § 1132, *et seq.* and 29 U.S.C. § 1104(a)(1), *et seq.* The Plaintiff also seeks to clarify Mr. Wells' rights to benefits, enjoin the Defendants, and issue an injunction to pay benefits as they were certified and relied upon and other equitable relief as enumerated herein.

## The Parties

5. Fidelity Workplace Services, LLC (hereinafter "Fidelity") is being sued in its representative capacity only, as Plan Administrator to qualified employee benefit Plans which are maintained by Plan sponsors. The Finance Committee of General Motors Corporation is the named fiduciary and has the authority to manage the Plan under the trust provisions of the Plan document. General Motors Corporation is the Plan Administrator and as such is a functional fiduciary because of its duty in the administration of benefits.

6. The General Motors Benefits & Service Center (hereinafter "Service Center") received an application for retirement benefits from Wells and it requested information/verification/documentation about Mr. Wells' ex-wife to which Wells responded, the Service Center has refused to respond to any attempts at communication afterward.

7. Fidelity, and the Service Center, and the Finance Committee of General Motors Corporation are "fiduciaries" for the General Motors Hourly-Rate Employees Pension Plan within the meaning of 29 U.S.C. § 1002(21)(A) and § 1102(a)(2).

8. Henry C. Wells was, for all times relevant herein, a Participant in the General Motors Hourly-Rate Employees Pension Plan and is a vested participant under the Plan and eligible for pension benefits. He is represented by Plaintiff Lorene D.

Jones, Guardian of Person and Estate under letters of authority issued by the Hamilton County Probate Court. Mr. Wells is a Participant as defined by 29 U.S.C. § 1002(7). This claim relates to vested pension benefits under the foregoing pension Plan.

## Factual Allegations

9. GM Benefits & Services Center sent a letter to Mr. Wells on September 14, 2015 enclosing a statement of his "Accrued Benefit from the Plan." Included was a statement of Benefit Data and Accrued Benefit as of September 14, 2015 and a Deferred Retirement Benefit Percentages Payable Early Commencement Age Reduction Factor Table as well as a completed Spousal Missing Data Form dated September 21, 2015. The statement indicated that Mr. Wells' benefits were payable on December 1, 1999 as a single life annuity of $325.96 per month. Mr. Wells completed the enclosed Spousal Missing Data Form dated September 21, 2015 and returned it. A copy of this September 14, 2015 letter and enclosure is attached and incorporated as if set forth fully herein as Exhibit numbers 2-7.

10. The Plan participant, Henry C. Wells, submitted an application for pension benefits to the General Motors Pension Plan on or about May 24, 2016.

11. No pension benefits have ever been paid Mr. Wells under the General Motors Hourly-Rate Employees Pension Plan after several efforts by Mr. Wells with Ms. Jones' assistance.

12. Plaintiff then retained counsel who forwarded a letter of representation and appeal dated November 22, 2016 to Ms. Christine Melsheimer at GM Benefits & Services Center, Fidelity Investments in addition to GM Benefits & Services Center. The letter requested Mr. Well's benefits be paid from his normal retirement date of age

65 that occurred in 1999 to the present, and was a claim for these benefits. This letter also requested "the entire pension Plan and the Summary Plan Description under which Mr. Wells is entitled to benefits as an hourly employee," among other things. A copy of this letter with enclosures is attached and incorporated as if set forth fully herein as Exhibit numbers 8-15.

13. This November 22, 2016 letter was sent by certified mail to Ms. Melsheimer and a copy of the postal receipts confirming delivery are attached and incorporated as if set forth fully herein as Exhibit numbers 16-17.

14. The GM Benefits & Services Center responded to Plaintiff's counsel's initial letter on December 1, 2016 by sending the requested Summary Plan Description and stating that "Henry Wells must contact the GM Benefits & Services Center to commence his pension benefits." The pension Plan was not sent as requested. A copy of this letter with enclosure is attached and incorporated as if set forth fully herein as Exhibit numbers 18-93.

15. Counsel for Plaintiff sent another letter dated January 10, 2017 to both Christine Melsheimer at GM Benefits & Services Center, Fidelity Investments and the GM Benefits & Services Center requesting, among other things, the required form to initiate a pension claim and a complete and total response to the prior correspondence. A copy of this letter is attached and incorporated as if set forth fully herein as Exhibit numbers 94-96.

16. General Motors then sent an Annual Funding Notice directly to Mr. Wells which he received on or about January 25, 2017. A copy of this notice is attached and incorporated as if set forth fully herein as Exhibit numbers 97-103.

17. A telephone call took place on or about February 29, 2017 between Mr. Wells and a General Motors' representative at Fidelity in which Mr. Wells was asked several irrelevant questions represented as "security questions" but no payment ensued.

18. Plaintiff's counsel sent another letter dated July 24, 2017 to both Christine Melsheimer at GM Benefits & Services Center, Fidelity Investments and the GM Benefits & Services Center to apprise the companies of the current status of this matter. It was noted that at this time, a guardianship was being sought by Ms. Jones of Mr. Wells through the Hamilton County Probate Court. A copy of this letter is attached and incorporated as if set forth fully herein as Exhibit numbers 104-105.

19. Plaintiff's counsel sent a fourth letter dated October 9, 2017 to both Christine Melsheimer at GM Benefits & Services Center, Fidelity Investments and the GM Benefits & Services Center enclosing a certified copy of the court letter of authority appointing Ms. Jones Guardian of the Person and Estate of Mr. Henry C. Wells. Counsel again requested any and all documentation necessary to make application for Ms. Wells' past due pension benefits. Yet another request was made for the entire pension Plan in effect on Mr. Wells' last day of service and all other documents that constitute the Plan. A copy of this letter with enclosure is attached and incorporated as if set forth fully herein as Exhibit numbers 106-108.

20. Plaintiff's counsel sent yet another letter dated October 20, 2017 to both Christine Melsheimer at GM Benefits & Services Center, Fidelity Investments and the GM Benefits & Services Center in follow up to prior correspondence, additional request for information, and again enclosing various authorizations, release forms, and verification for release of information. A copy of counsel's prior letter was also

enclosed for reference. A copy of this October 20, 2017 letter with enclosures is attached and incorporated as if set forth fully herein as Exhibit numbers 109-111.

21. Lastly, on November 22, 2017, Plaintiff's counsel sent a final letter to both Christine Melsheimer at GM Benefits & Services Center, Fidelity Investments and the GM Benefits & Services Center stating, among other things, that "a year has passed since we notified you of our representation of Mr. Wells." A copy of prior correspondence was enclosed, and it was again reiterated that a claim had been made for outstanding pension benefits and that the entire pension Plan had been previously requested on multiple occasions. The letter concluded by stating that the administrative remedies available to Mr. Wells were now being deemed exhausted. A copy of this letter with enclosures and mail receipts is attached and incorporated as if set forth fully herein as Exhibit numbers 112-123.

22. No response to these efforts including the November 22, 2017 letter has ever been received or payment of the requested pension benefits made.

23. ERISA requires an Employee Benefit Plan be established and maintained according to a written instrument, 29 U.S.C. § 1102(a)(1). Although this document was repeatedly requested by Plaintiff's counsel, to date no response has been made. The Summary Plan Description as provided to Plaintiff's counsel is attached and incorporated as if set forth fully herein as Exhibit numbers 19-93.

## First Cause of Action – Claim for Pension Benefits

24. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 23 of the Complaint.

25. Wells became eligible for his pension benefits on his normal retirement

date which was in November of 1999. He did not receive any pension benefits and to date, Lorene D. Jones as his Guardian is not receiving payment.

26. The above stated efforts were made on behalf of Mr. Wells and he is entitled to his pension benefits in an unreduced, undiminished amount from the date of his eligibility in 1999.

27. "Normal retirement age" is defined in the Summary Plan Description ("SPD") as age sixty-five (65). (SPD p. 43). The retirement benefits are based upon benefit class codes and participant Henry C. Wells is "Class A."

28. The Summary Plan Description describes various annual increases to the benefit amount based upon the years of service.

29. Based upon the representations of the GM Benefits & Services Center and the correspondence of September 14, 2015 Mr. Wells is benefit class code A with a basic benefit rate of $23.45 and has 13.9 credit years of service for an accrued benefit as of December 1, 1999 of $325.96. See attached Exhibit 4, *supra.*

30. ERISA has certain protections that are provided retirees who have vested pension rights. These rights are rights that guarantee no forfeiture that requires an actuarial adjustment and payment under 29 U.S.C. § 1054(c)(3). If payment is not initiated at the normal retirement age but is delayed and because once vested, it is a non-forfeitable right under 29 U.S.C. § 1053(a).

31. Because of these protections, there must be an actuarial adjustment and a lump sum payment with interest paid at the appropriate rate of interest. 26 U.S.C. § 411(c)(3); 26 C.F.R. § 1.411(a)-7(a)(1)(ii), 1411(c)-1(e)(1) by virtue of 29 U.S.C. § 1202(c).

32. The Plaintiff requests that the court order the payment of a reasonable

interest rate to be determined by the court to accommodate the requirements of the above-stated statutory and regulatory requirements and that it be applied to his accrued benefit with any increases to his benefits that should have been applied pursuant to the terms of the pension Plan as it is an unconditional right.   26 C.F.R. § 1.411(a)-4(a).

### Second Cause of Action - Breach of Duty to Provide Plan

33. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 32 of the Complaint.

34. The Plaintiff requested the Plan document by and through counsel with an appropriate authorization of representation on November 22, 2017 requesting the entire pension Plan to which Mr. Wells was entitled.

35. 29 U.S.C. § 1132(c)(1) requires that "[a]ny administrator" who does not timely ("within thirty days") respond to provide the document under which a "Plan is established or operated" is liable to a sanction "of up to $100.00 per day."   29 U.S.C. § 1132(c)(1)(B).  The penalty for failure is a fine of "up to $100.00 per day."  This penalty is now $110.00 per day, per regulation, 62 Fed. Reg. 40696.   To date, the Plan administrator has failed to provide the Plan document that was requested on November 22, 2017.

36. A second request for the Plan document was made on January 10, 2017 because the Plan had not been provided.

37. The Defendants continue to refuse to provide the Plan document as requested and to date, none has been produced.

**WHEREFORE**, the Plaintiff requests that this court enter judgment on Henry C. Wells' behalf against the Defendants, jointly and severally as follows:

A. An order that the Defendants pay any and all pension benefits that are accrued and payable through the date of the order in a lump sum with interest and any increases in the benefits that might be available to the Plan participant Wells pursuant to the pension Plan;

B. That the Defendants pay an appropriate interest rate that will actuarially adjust the past due benefits so that there is no forfeiture or cut-back in the benefits that would have been payable at the initiation of the normal retirement date to the date of the order;

C. That the Defendants be ordered to pay $110.00 per day under 29 U.S.C. § 1132(c)(1)(B) for the failure to provide the pension Plan as requested as of November 22, 2016 to the date it is provided;

D. That the court order injunctive relief ordering the Defendants to continue to pay pension benefits pursuant to 29 U.S.C. § 1132(a)(3)(A) and to enjoin violations under 29 U.S.C. § 1132(a)(3)(B) to prevent the discontinuation of pension benefits until Mr. Wells is no longer qualified for pension benefits under the terms of the pension Plan;

E. To obtain all other further equitable relief available to Henry C. Wells including surcharge, reformation, and/or disgorgement including relief for any negative tax impact under 29 U.S.C. § 1132(a)(3);

F. Provide the Plaintiff with a declaration of rights under the Plan as permitted by 29 U.S.C. § 1102 and 29 U.S.C. § 1132(a)(1)(A) and 29 U.S.C.

   § 1132(a)(1)(B), and

G. Award attorney fees to Henry C. Wells and his counsel for this action pursuant to 29 U.S.C. § 1132(g) and award any and all further relief to which Plaintiff may be entitled.

Dated this 26th day of January, 2018.

        Respectfully submitted,

        By: */s/ Robert Armand Perez, Sr.*
        Robert Armand Perez, Sr., Esq. (#0009713)
        THE PEREZ LAW FIRM COMPANY, L.P.A.
        6921 Fox Hill Lane
        Cincinnati, OH 45236-4905
        Telephone: (513) 891-8777
        Facsimile: (513) 891-0317
        E-mail: rperez@cinci.rr.com
        **ATTORNEY FOR PLAINTIFF, LORENE D. JONES AS GUARDIAN OF THE PERSON AND ESTATE OF HENRY C. WELLS**